**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS**

**DONYAEL HENRY and NICKI HENRY,**

      **Plaintiffs,**

**v.**                                     **No. 2:08-cv-02346-BBD-cgc**

**ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, LLOYD JONES,**

      **Defendants.**

---

**ORDER DENYING PLAINTIFFS' SECOND MOTION FOR SANCTIONS AND
AWARDING SANCTIONS RELATED TO THE FIRST MOTION FOR SANCTIONS**

---

Before the Court by Order of Reference for determination is Plaintiffs' Second Motion for Sanctions. (D.E. 85)  Also before the Court is the determination of the amount of sanctions to be awarded pursuant to its Order Granting Motion for Sanctions (D.E. 82).

Fed. R. Civ. P. 26(b)(2) authorizes parties to "obtain discovery regarding any non-privileged matter that is relevant to **any party's claim or defense** — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  (emphasis added)  Since October 2008, Plaintiffs have requested that Allstate "produce any agency manuals, underwriting manuals and any and other procedure or policy manuals in affect (sic) from December 2006 to September 2007 concerning underwriting and claims made on Allstate Homeowner's insurance policies."  Plaintiffs' Request for Production of Documents, Request Number 8.  In its Answer and Counterclaim (D.E. 17), Allstate alleges that it "would not have issued the insurance policy if Plaintiffs had disclosed the correct loss history during the

application process."  Answer at ¶33, Counterclaim at ¶ 4.  Therefore, Plaintiffs' request for the underwriting documents are discoverable as they are relevant to Allstate's claim and Plaintiffs' defense against that claim.

Allstate initially responded that the request was "overly broad and seeks confidential information which cannot be produced without the entry of a protective order."  Allstate's Response to Plaintiffs' Request for Production of Documents, Request Number 8.  Plaintiffs deposed Allstate insurance agent Lloyd Jones on April 13, 2009 and Allstate representative Richard Read on April 28, 2009.  Both Jones and Read made reference to documents or manuals related to underwriting.  Memorandum in Support of Second Motion for Sanctions (D.E. 85-2) pp 3-4.  Although Plaintiffs' counsel followed these depositions with requests for the manual referenced by Jones and Read, Allstate's counsel required the execution of a protective order.  The confidentiality concerns theoretically should have been allayed with the entry of the Agreed Protective Order on June 22, 2009 (D.E. 35) and the way should have been paved for full disclosure of the underwriting documents.  However, Allstate provided a "claims manual" which referenced "underwriting guidelines."   On July 17, 2009, Plaintiffs filed their Motion to Compel Discovery (D.E. 37).

Allstate has made several statements which lead the Court to believe that they have been less than candid and forthcoming.  An example of this is contained in an email from Tara Murnane, Allstate's territorial product manager for Arkansas, Louisiana and Mississippi, dated July 9, 2009, "There are auxiliary portions of the guidelines (definitions, optional endorsement guidelines, etc.) that would also have been applicable….[we] would prefer to only surrender those portions of the guidelines which are specific to our decision to void."  D.E. 85-3, p 19.  In her October 27, 2009 Affidavit (D.E. 80), Ms. Murnane stated at paragraph 6 that "[there] may

be other requirements, including documentation requirements, from other areas in the company but again *these are not included in one single all-inclusive manual*." (emphasis added)  On October 29, 2009, counsel for Allstate produced the PQB, the Modern Marketing Guidelines and a Homeowners Manual.  Clearly, Allstate had documents that were admittedly responsive to the request but chose to resort to semantics to avoid a timely disclosure of the documents.

While Allstate's behavior may be frustrating, it did comply with the Court's October 27, 2009 Order to produce the documents.  Having satisfied that requirement, there is no current failure to comply with the Court's orders which would require the assessment of sanctions above those ordered on October 27th.  Therefore, Plaintiffs' Second Motion for Sanctions is DENIED.

On October 27, 2009, the Court granted Plaintiffs' Motion for Sanctions and ordered the Plaintiffs to submit an affidavit of fees and expenses associated with making the Motion.  *See* Fed. R. Civ. P. 37(a)(5(A).  Although Allstate was afforded an opportunity to file objections to the affidavit, it did not do so.  After reviewing the fee affidavit, the Court finds that the reasonable fees and expenses associated with making the Motion for Sanctions is eight-thousand six hundred fifty-two dollars and fifty cents ($8,652.50).  This is comprised of the attorneys fees from September 8, 2009 through the October 27, 2009 hearing on the Motion for Sanctions.  The Court ORDERS Allstate to pay $8,652.50 to Plaintiffs within fourteen (14) days from the date of this Order.

IT IS SO ORDERED this 14th day of December, 2009.

 /s/ Charmiane G. Claxton_____
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE