# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**DONYAEL HENRY and**
**NICKI HENRY,**

        **Plaintiffs,**

v.                                                    **No. 2:08-cv-02346-BBC-cgc**

**ALLSTATE PROPERTY AND**
**CASUALTY COMPANY and**
**LLOYD JONES,**

        **Defendants.**

## ORDER DENYING ALLSTATE'S MOTION FOR PROTECTIVE ORDER, DENYING ALLSTATE'S MOTION TO QUASH, GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE, AND DENYING ALLSTATE'S MOTION TO QUASH

      Before the Court are the following motions: (1) Defendant Allstate Property and Casualty Insurance Company's ("Allstate") Motion for Protective Order (D.E. #165); (2) Allstate's Motion to Quash (D.E. #166); (3) Plaintiffs' Motion to Extend Discovery Deadline and Response to Allstate's Motion for Protective Order and Motion to Quash (D.E. #170); and (4) Allstate's Motion to Quash (D.E. #171).[1] The instant motions were referred to United States Magistrate Judge Charmiane G. Claxton (D.E. #167, #178, #179). For the reasons set forth herein, Allstate's Motion for Protective Order is DENIED, Allstate's Motion to Quash is DENIED, Plaintiffs' Motion to Extend Discovery Deadline is GRANTED, and Allstate's Motion to Quash is DENIED.

---

[1] Allstate's motions were each filed by its counsel, David M. Waldrop, on behalf of the company and its employee, Mike Duel.

**I. Introduction**

Plaintiffs filed the instant breach-of-contract action in the Circuit Court of Shelby County for the Thirtieth Judicial District at Memphis, Tennessee. Defendants removed the case to this Court. On January 13, 2010, the District Court entered a default judgment against Allstate for "egregious misconduct," including "willfully failing to comply with the rules of discovery," "willfully failing to abide by court orders," "obfuscating the discovery process," "driving up the costs of the pretrial process," and failing to produce a witness. Plaintiffs and Allstate settled the case thereafter.[2] Allstate's Mot. for Prot. Order ¶ 2; Pl.s' Mot. to Extend ¶ 4. However, Plaintiffs have maintained their case against Defendant Lloyd Jones ("Jones").

On May 18, 2010, Plaintiffs took the deposition of Allstate employee, Mike Duel ("Duel"). Plaintiffs assert that they deposed Duel regarding evidence of Jones's negligence, including proof that Jones "did not follow recognized Allstate standards and agent training during the insurance application of the Plaintiffs." Pl.s' Mot. to Extend at 1. At Duel's deposition, Plaintiffs became concerned that Allstate's previous disclosures were incomplete. Pl.'s Mot. to Extend ¶¶ 8-11. Thus, Plaintiffs contacted Allstate's counsel, David M. Waldrop ("Waldrop"), on May 19, 2010 and sent a Rule 30(b)(6) Deposition Notice Duces Tecum to Allstate, a Rule 30(b)(6) Subpoena Duces Tecum to Allstate, and a Subpoena Duces Tecum as to Duel via facsimile on May 21, 2010. See Def.'s Mot. for Prot. Order, Exhs. 1-3. The subpoena duces tecum as to Duel was also sent to him via electronic mail on May 21, 2010. Id. ¶ 1.

On May 26, 2010, Allstate filed its Motion for Protective Order (D.E. #165) requesting that

---

[2] Despite their respective representations that they settled the case, Allstate represents that the settlement occurred on or about April 8, 2010, while Plaintiffs state that they settled on January 25, 2010. See Allstate's Mot. for Prot. Order ¶ 2; Pl.s' Mot. to Extend ¶ 4.

the Court "prevent Plaintiffs' counsel from moving forward with the deposition of Duel and Rule 30(b)(6) deposition of Allstate." Id. at 4. Allstate argues that it settled its case with Plaintiffs, that Plaintiffs had ample opportunity to obtain the information by discovery while Allstate was a party to the action, and that Plaintiffs are "merely attempting to harass Allstate . . . by continuing to request documents which have already been produced." Id. ¶¶ 2-4.

Further, Allstate asserts that Duel was not an Allstate agent either at the time Donyael Henry's application for insurance was obtained or when the policy was issued, that his computer does not contain any documents that were in effect during the applicable time period, and that the subpoena duces tecum as to Duel is not calculated to lead to discovery of admissible evidence. Id. ¶ 5. Finally, Allstate requests that, if the Court orders Allstate to produce the documents and submit to the depositions, Plaintiffs "be required to reimburse Allstate . . . for the cost of duplicating the records, the cost for researching additional records, [and] the cost for attorney's fees for counsel's having to appear at depositions." Pl.s' Mot. for Prot. Order ¶ 4.

On May 26, 2010, Allstate filed its Motion to Quash (D.E. #166) the subpoena duces tecum as to Duel. In this motion, Allstate asserts that Duel was never properly served with the subpoena duces tecum, as it was sent to him via electronic mail. Allstate's Mot. to Quash at 1. Allstate further asserts that any discovery as to Duel is "not relevant to Plaintiffs' case with Lloyd Jones." Id. ¶ 3.

On May 28, 2010, Plaintiffs filed a Motion to Extend Discovery Deadline and Response to Allstate's Motion for Protective Order and Motion to Quash. (D.E. #170). In the Motion to Extend, Plaintiffs request that the Court allow the discovery to occur as noticed in advance of the June 1, 2010 deadline. Plaintiffs further state that they do not otherwise seek a modification of the discovery deadline that would impact the trial date.

3

In response to Allstate's Motion for Protective Order, Plaintiffs argue that the Court ordered Allstate to produce these documents while it was a party to the lawsuit and that Allstate misrepresented that they had provided complete discovery at that time. Plaintiffs state that they had no reason to question the completeness of Allstate's January 12, 2010 production of the requested underwriting guidelines until the deposition testimony of Duel on May, 18, 2010 suggested that the production may not have been complete. Plaintiffs state that, on May 19, 2010, they began inquiring into the possible incompleteness of the previous disclosures, which necessitated the issuance of the subpoenas and resulted in the filing of the instant motions.

As to Allstate's assertion that Plaintiffs merely seek to harass it with these discovery requests, Plaintiffs state that the purpose of the requests is that they "intend to prove the negligence of Lloyd Jones in part by showing that Lloyd Jones did not follow recognized Allstate standards and agent training during the insurance application of the Plaintiffs." Pl.s' Resp. to Def.'s Mot. for Prot. Order ¶ 4. As to Allstate's request for fees, Plaintiffs argue that the District Court rejected Allstate's argument regarding the burden and expense of production by suggesting that they be produced electronically. See Transcript of January 12, 2010 Motion Hearing at 62 (D.E. #168). Further, Plaintiffs argue that the subpoenas at issue in the instant motions would not have been necessary had Allstate complied in full with the discovery as previously ordered by the Court and that "the additional expenses that it complains about are the result of its own actions." Pl.s' Resp. to Def.'s Mot. for Prot. Order at 11.

In response to Allstate's Motion to Quash, Plaintiffs state that Allstate instructed them to serve their counsel, Waldrop, with service of process. Plaintiffs explain that, while they initially sent the subpoenas via electronic mail and facsimile to coordinate the scheduling of the discovery,

4

they subsequently sent a subpoena to the process server for Duel "to ensure that there would be no confusion or argument about the manner in which Mr. Duel was served." Id. at 5-6, 10.

On May 28, 2010, Allstate filed a second Motion to Quash (D.E. #171). In this motion, Allstate argues that, despite having filed the Motion for Protective Order and previous Motion to Quash, Plaintiffs have issued another subpoena to Duel. Allstate's Mot. to Quash at 1. However, Plaintiffs respond that they served this subpoena "in order to perfect service in accordance with the Federal Rules of Civil Procedure" after having previously sent the subpoenas via e-mail and facsimile. Plaintiffs stated that the e-mail and facsimile copies of the subpoenas were intended for "getting dates" for the depositions and inspection of Duel's computer. Id. at 2. However, Plaintiffs stated that they additionally served the subpoenas in accordance with the Federal Rules of Civil Procedure "in an abundance of caution." Id. Plaintiffs further explain that they had "no intentions to pursue the discovery until the Court had an opportunity to sort out the parties' respective positions." Id.

## II. Analysis

### A. *Allstate's Motion for Protective Order*

First, the Court will consider Allstate's Motion for Protective Order (D.E. #165). Under Rule 26 of the Federal Rules of Civil Procedure, a party is entitled to discovery of "any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). In

accordance with this rule, Allstate requests that the Court "prevent Plaintiffs' counsel from moving forward with the deposition of Mike Duel and Rule 30(b)(6) deposition of Allstate." Id. at 4.

First, Allstate asserts that the information requested by Plaintiffs is not discoverable because Allstate is no longer a defendant in this action. However, even though Allstate is no longer a party to this case, Plaintiffs argue that the discovery is necessary to "prove the negligence of Lloyd Jones in part by showing that Lloyd Jones did not follow recognized Allstate standards and agent training during the insurance application of the Plaintiffs." Pl.'s Resp. to Mot. for Prot. Order at 1.

Next, Allstate argues that Duel was not an agent when Donyeal Henry applied for or obtained his insurance policy. Even so, Plaintiffs assert that Duel testified at his previous deposition that the information he currently has access to through internet links on his computer was the same as the information in effect during the time at issue in Plaintiffs' case. Dep. of Mike Duel at 38-39, filed at D.E.#169-1. Plaintiffs additionally assert that Duel's deposition testimony on this issue is inconsistent with his signed Affidavit that Allstate filed with the Court in support of their Motion for Protective Order, thus providing further reason for concern as to whether Allstate is attempting to obfuscate the discovery process. Allstate's Mot. for Prot. Order, Exh. 3 ¶ 4. Accordingly, because the Court is persuaded that the requests are reasonably calculated to lead to the discovery of admissible evidence against Jones, the Court will continue its inquiry into whether a protective order is appropriate under Rule 26.

Upon review, Plaintiffs explain that Allstate purported to produce "all of the underwriting documents relative to the homeowners" and "the relevant sections out of this document as it pertains to the homeowner claim" on January 12, 2010. Transcript of January 12, 2010 Motion Hearing at 55-56, filed at Docket Entry 168-1. Yet at the deposition of Mike Duel on May, 18, 2010, his

testimony suggested that the production may not have been complete. Specifically, Duel identified multiple sections of the Tennessee risk management policy ("RMP") table of contents that dealt with homeowner policies, Dep. of Mike Duel at 35-39; however, when presented with the January 12, 2010 production of the purported RMP to Plaintiffs, Duel was not able to locate any sections that pertained to homeowner policies, Dep. of Mike Duel at 51-53.

Following this revelation, Plaintiffs contacted Allstate's counsel on the next day—May 19, 2010— to inform him that Duel's testimony suggested the RMP produced by Allstate did not contain the underwriting information regarding homeowners' policies. Pl.s' Resp. to Mot. for Protective Order ¶ 12. Plaintiffs assert that Allstate's counsel "did not respond to Mr. Duel's assessment of the completeness of the produced RMP." Pl.s' Resp. to Mot. for Protective Order ¶ 12. However, when Allstate's counsel was informed that Plaintiffs planned to seek further discovery on the issue of the completeness of production, Allstate filed this motion and, shortly thereafter, the parties' subsequent related motions as to these issues were filed.

In addition to Plaintiffs' recent concerns regarding the completeness of the January 12, 2010 production, the Court must consider the circumstances in the context of Allstate's severe discovery violations in the instant case. As previously noted, the District Court entered a default judgment against Allstate on January 13, 2010 for "egregious misconduct" by "willfully failing to comply with the rules of discovery," "willfully failing to abide by court orders," "obfuscating the discovery process," "driving up the costs of the pretrial process," and failing to produce a witness. Accordingly, after considering the substance and rationale for the requests as well as Allstate's previous discovery-related misconduct in this case, the Court finds that no good cause exists to justify the issuance of a protective order preventing Plaintiffs from conducting the limited discovery

as requested. Thus, Allstate's Motion for Protective Order is DENIED and Allstate's request for fees and expenses associated with the production is DENIED. See Fed. R. Civ. P. 26(c)(3); 37(a)(5).

### B. *Allstate's Motion to Quash*

Next, Allstate filed a Motion to Quash the subpoena duces tecum as to Duel (D.E. #166), asserting that it was served via electronic mail rather that in accordance with the Federal Rules of Civil Procedure. Allstate's Mot. to Quash at 1-2. However, Plaintiffs respond that a copy of the subpoena was initially sent informally with the intent of coordinating dates for the discovery to occur, as the discovery deadline of June 1, 2010 was approaching. Pl.s' Resp. to Allstate's Mot. to Quash at 9-10. Plaintiffs further state in their Response that, to insure that there would be "no confusion or argument about the manner in which Mr. Duel was served," they "subsequently sent the subpoena to a process server for service upon Mr. Duel." Pl.'s Resp. to Mot. to Quash at 10. Thus, as it appears to the Court that Plaintiffs did subsequently serve the subpoenas in accordance with the Federal Rules, Allstate's Motion to Quash is DENIED.

### C. *Plaintiffs' Motion to Extend Discovery Deadline*

Next, Plaintiffs filed a Motion to Extend Discovery Deadline (D.E. #170) requesting that the Court allow the discovery requested in the Rule 30(b)(6) Deposition Notice Duces Tecum to Allstate, the Rule 30(b)(6) Subpoena Duces Tecum to Allstate, and the Subpoena Duces Tecum as to Duel to go forward notwithstanding the June 1, 2010 discovery deadline. Plaintiffs expressly "do not seek a modification of the discovery deadline that would impact the upcoming trial date." Pl.s' Mot. to Extend at 11.

Under Rule 6 of the Federal Rules of Civil Procedure, when an act "may or must be done

within a specified time, the court may, for good cause, extend the time" if the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). In the instant case, the request for extension was made before the discovery deadline passed. Thus, Plaintiffs need only show good cause for the Court to grant an extension.

As the Court has already concluded, Plaintiffs have clearly set forth their bases for seeking the discovery, stating that it is "crucial" to the case against Jones. Pl.'s Mot. to Extend at 2. They set forth that they believed that Allstate had produced complete documents on January 12, 2010, when Allstate represented to the Court at a motion hearing that they were providing full copies of the requested discovery. Plaintiffs explained that, on May 18, 2010, they discovered that the disclosures may not have been complete. Plaintiffs further argue that, given the District Court's findings of Allstate's "egregious misconduct" in discovery in the instant case, that the Court should consider this context for determining if the requested discovery should be permitted.

As the Court finds that these factors set forth good cause, Plaintiffs shall be permitted to proceed with the limited discovery as was previously noticed in the Rule 30(b)(6) Deposition Notice Duces Tecum to Allstate, the Rule 30(b)(6) Subpoena Duces Tecum to Allstate, and the Subpoena Duces Tecum as to Duel. Plaintiffs shall compete the limited discovery within thirty days of the entry of this Order.

### D. Allstate's Motion to Quash

Finally, as to Allstate's second Motion to Quash (D.E. #171), Plaintiffs state that they only intended to serve the subpoenas in accordance with the Federal Rules of Civil Procedure after sending informal copies via electronic mail and facsimile. In fact, Plaintiffs referenced this intention in their Response to Allstate's initial Motion to Quash, which pre-dated the filing of this second

9

Motion to Quash.  <u>See</u> Pl.'s Resp. to Allstate's Mot. to Quash at 10.  Specifically, Plaintiffs stated in their May 28, 2010 Response as follows: "In order to ensure that there would be no confusion or argument about the manner in which Mr. Duel was served, Plaintiffs subsequently sent the subpoena to a process server for service upon Mr. Duel."  <u>Id.</u>  Accordingly, Allstate's second Motion to Quash, along with its request for an award of fees for filing the motion, is hereby DENIED.

### III.  Conclusion

For the reasons set forth herein, Allstate's Motion for Protective Order is DENIED, Allstate's Motion to Quash is DENIED, Plaintiffs' Motion to Extend Discovery Deadline is GRANTED, and Allstate's Motion to Quash is DENIED.  Plaintiffs are ORDERED to complete the limited discovery within <u>thirty days</u> of the entry of this Order.

**IT IS SO ORDERED** this 30th day of July, 2010.

<u>s/ Charmiane G. Claxton</u>
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
