**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**DONYEAL HENRY
and NICKI HENRY,**

                    **Plaintiffs,**

**v.**                                                    **No. 2:08-cv-02346-BBD-cgc**

**LOYD JONES,**

                    **Defendant.**

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES AND ALL COSTS PURSUANT TO THE TENNESSEE SUPREME COURT'S
HOLDING IN *PULLMAN STANDARD INC. V. ABEX CORPORATION***

          Before the Court is Plaintiffs' Motion for Attorneys' Fees and All Costs Pursuant to the

Tennessee Supreme Court's Holding in *Pullman Standard Inc. v. Abex Corporation*.  (Docket Entry

"D.E." # 260).  Plaintiff requests that the District Court order Defendant Loyd Jones ("Jones") to

pay Plaintiffs' attorneys fees and costs associated with the litigation against former co-defendant

Allstate Property and Casualty Company ("Allstate"), claiming that it was Jones's negligence that

necessitated Plaintiff's litigation against Allstate and that such costs are recoverable under

Tennessee law's recognition of the independent tort theory of recovery.  Jones filed his Response

(D.E. #263), which asserted that the rule announced in Pullman is narrow and does not permit

recovery under the facts of this case.  The instant motion was referred to United States Magistrate

Judge Charmiane G. Claxton.  (D.E. #261).  For the reasons set forth herein, the Court

RECOMMENDS that Plaintiff's Motion be DENIED.

1

## I. Background

Plaintiffs Donyeal and Nicki Henry filed the instant action in the Circuit Court of Shelby County, Tennessee on May 2, 2008, and Allstate filed a Notice of Removal of Civil Action to this Court on May 29, 2008 (D.E. #1).  On November 15, 2008, Plaintiffs filed an Amended Complaint (D.E. #21) asserting claims of breach of contract and bad faith against Allstate, claims of negligence against Jones, and claims of intentional misrepresentation and violations of the Tennessee Consumer Protection Act ("TCPA") against both Jones and Allstate.  Jones filed his Answer to the Amended Complaint on November 11, 2008 (D.E. #22).  Although Jones generally denied the allegations in Plaintiff's Amended Complaint, Jones did not plead the comparative fault of Allstate as an affirmative defense to Plaintiff's allegations of negligence.

On January 13, 2010, the District Court entered a default judgment against Allstate due to Allstate's conduct during the discovery phases of the case.  (D.E. #128).  Thereafter, Plaintiffs entered into a confidential settlement agreement with Allstate.  Plaintiffs aver that, from the commencement of the lawsuit against Allstate until the settlement, they incurred $11,102.11 in expenses prosecuting the claim against Allstate.[1]

After Plaintiffs settled with Allstate, they continued their case against Jones.  Following

---

[1] Plaintiffs continue to assert that Jones is not without blame for the expenses incurred during the prosecution of the case against Allstate and specifically for the prolonged discovery dispute, as Plaintiffs argue that "Jones knew that Allstate's representations regarding their underwriting guidelines were false but remained silent while counsel for Plaintiffs spent hundreds of hours in discovery attempting to convince the Court that Allstate's representations were in fact false."  (Pl.'s Mot. for Attorneys' Fees ¶ K).  Plaintiffs have previously requested that Jones's answer be stricken because Jones was complicit in Allstate's discovery abuse, (D.E. #194), which the Magistrate Judge recommended be denied (D.E. #233), and which the District Court ordered to be denied (D.E. #242).  Likewise, the Court does not find this argument persuasive in the resolution of the instant motion.

trial, the jury found that Jones was negligent and awarded $125,000.00 in compensatory damages but did not award punitive damages (D.E. #258).

## II. Analysis

The sole issue in the instant Motion is whether Jones must reimburse Plaintiffs for their attorneys' fees and costs incurred in their litigation against Allstate.  In Pullman Standard, Inc. v. Abex Corp, 693 S.W. 2d 336 (Tenn. 1985), the Tennessee Supreme Court considered whether Tennessee law recognizes the independent tort theory as a basis for recovery of attorneys' fees and costs.  Id. at 339-40.  The court examined the law in other jurisdictions and found no jurisdiction that has "refused to recognize the theory of recovery."  Id. at 340.  The court relied upon American Law Reports for the proposition that it is " 'well settled that where the natural and proximate consequence of a tortious act of defendant has been to involve plaintiff in litigation with a third person, reasonable compensation for attorneys' fees incurred by plaintiff in such action may be recovered as damages against the author of the tortious act.' " Id. (quoting 42 A.L.R.2d 1183, 1183 (1956)).  The court further relied upon the Restatement (Second) of Torts , which states that " '[o]ne who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures  thereby suffered or incurred in the earlier action."  Id. (quoting Restatement (Second) of Torts, § 914(2) (1979)).  Ultimately, the Pullman court decided to "adopt the prevailing rule and recognize the cause of action."  Id.[2]

---

[2] The Pullman court also considered whether Tennessee law permitted the "recovery of attorneys' fees under an implied indemnity contract."  Id. at 338.  The court held that it was "in agreement that attorneys' fees are recoverable under an implied indemnity agreement in appropriate cases."  Id.  However, the implied-indemnity theory was a distinct argument for recovery of attorneys' fees from the independent tort theory also recognized by the Pullman

After the Tennessee Supreme Court adopted the independent tort theory as grounds for recovery of attorneys' fees, the Sixth Circuit was presented with the issue of whether this doctrine could be applied offensively rather than merely defensively.  See Engstrom, 195 Fed. Appx. at 451. Because the Pullman court considered  whether attorneys' fees and costs could be incurred by a co-defendant in the defense of his suit, this question had remained unanswered, and the Tennessee Supreme Court declined to answer a certified question on this issue.  Id.  Upon review, the Sixth Circuit considered the Restatement (Second) of Torts, as relied upon in Pullman, to determine that "[i]t is clear that this provision envisions application of the independent tort exception both 'when the preceding action was brought against the present plaintiff either by a third person or by the state, and also when the present plaintiff has been led by the defendant's tort to take legal proceedings against a third person." Id. (quoting Restatement (Second) of Torts § 914(2) cmt. b (1979)); see also Whitelaw v. Brooks, 138 S.W.3d 890, 894 (Tenn. Ct. App. 2003), application for permission to appeal denied, (Tenn. June 21, 2004).

In the instant case, the jury has determined that Jones committed a tortious act through his negligence.  Thus, the only remaining question under the rule adopted in Pullman is whether Jones's negligence "required" Plaintiffs to pursue litigation against Allstate in the protection of his interests, or, otherwise stated, whether the litigation against Allstate was a "natural and proximate consequence" of Jones's negligence.  Upon review of the Amended Complaint, Plaintiffs asserted claims of wrongdoing both against Jones and against Allstate.  Thus, although the allegations

---

court and at issue in the instant case.  See e.g., Engstrom v. Mayfield, 195 Fed. Appx. 444, 451 (6th Cir. 2006) (summarizing that Tennessee recognizes "two distinct exceptions" to the American Rule that attorneys' fees are not recoverable in the absence of a statute or contract specifically providing for such recovery, or a recognized ground of equity—namely, in cases of an implied indemnity agreement and under an independent tort theory).

evidence that Jones's and Allstate's actions both resulted in damages to Plaintiffs, it appears to the Court that Plaintiffs sued both Jones and Allstate for the simple reason that they believed that both Jones and Allstate were liable for their wrongdoings.

Although the facts of this case are not particularly analogous to those presented in Pullman or other decisions of Tennessee courts applying the independent tort theory, the facts are strikingly similar to those presented  in Atlanta Woman's Club, Inc. v. Washburne, 450 S.E.2d 239 (Ga. Ct. App. 1995).  In Washburne, the plaintiffs sued both the insurance agent, Washburne, and the insurance company to recover damages sustained after a rental property was damaged by fire.  Id. at 240.  The plaintiffs alleged that the agent was "negligent in fulfilling his promise to procure a contract of insurance for the premises" that was comparable to the previous policy and that the insurance company breached the insurance contract by denying coverage.  Id. at 240.  The insurance company settled with the plaintiffs, and plaintiffs then amended their complaint to add a damages claim against the agent for attorneys' fees and expenses "inferring that this expense was the result of the failure . . . to provide an adequate replacement policy."  Id.  Plaintiffs attempt to recover the attorneys' fees and expenses it incurred in its litigation with the insurance company from the agent because the agent's negligence was solely based on the allegation that the claim against the insurance company was a "natural and foreseeable consequence of the wrongdoing" of the agent.  Id. at 241.

The Washburne court ultimately found the plaintiffs "claim for attorney fees and expenses of litigation lacking" because it was not a natural and proximate consequence of the agent's action.  Id. at 241-42.  The court reasoned that the agent's wrongful act may have given rise to the insurer's involvement with the plaintiffs, but it was not the reason the insurer denied the claims.  Id. at 242.

5

This decision not to pay claims was the insurer's alone, and this allegedly unlawful decision formed the basis of the claims against the insurer.  Id.

Upon consideration of the instant case, the Court finds the Washburne court's reasoning to be instructive and persuasive.  Here, the jury has concluded that Jones was guilty of negligence.  But merely because Jones engaged in a tortious act does not mean that his tort required Plaintiffs to engage in litigation with Allstate or that his tort created the natural and proximate consequence of such litigation.  Instead, even though Jones's "wrongful act may have given rise to [the insurer's] involvement" with Plaintiffs, the Court finds that Plaintiffs initiated its litigation with Allstate because they believed that Allstate committed its own wrongdoing as well.  Accordingly, because Plaintiffs' request for attorneys' fees and expenses does not meet this element of the Pullman rule, the Court RECOMMENDS that Plaintiffs' motion be DENIED.

### III.  Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees and All Costs Pursuant to the Tennessee Supreme Court's Holding in *Pullman Standard Inc. v. Abex Corporation* be DENIED.


**DATED** this 21st day of April, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**