IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DONYEAL HENRY**
**and NICKI HENRY,**

          Plaintiffs,

v.                                                No. 2:08-cv-02346-BBD-cgc

**LOYD JONES,**

          Defendant.

**REPORT AND RECOMMENDATION ON DEFENDANT LOYD JONES'S**
**RENEWED MOTION FOR COURT TO ORDER SET OFF**

      Before the Court is Defendant Loyd Jones' ("Jones") Renewed Motion for Court to Order Set Off (Docket Entry "D.E." #265). Jones requests that he "be given a credit for any and all monies" paid by his former co-defendant Allstate Property and Casualty Company ("Allstate"). Plaintiffs respond that such a set-off is in contravention to well-settled Tennessee law and that Jones attempts to apply breach-of-contract set-off principles to this negligence action. The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton. For the reasons set forth herein, the Court RECOMMENDS that Jones's Renewed Motion for Court to Order Set Off be DENIED.

    **I. Background**

      Plaintiffs Donyeal and Nicki Henry filed the instant action in the Circuit Court of Shelby County, Tennessee on May 2, 2008, and Allstate filed a Notice of Removal of Civil Action to this Court on May 29, 2008 (D.E. #1). On November 15, 2008, Plaintiffs filed an Amended Complaint

(D.E. #21) asserting claims of breach of contract and bad faith against Allstate, claims of negligence against Jones, and claims of intentional misrepresentation and violations of the Tennessee Consumer Protection Act ("TCPA") against both Jones and Allstate. Jones filed his Answer to the Amended Complaint on November 11, 2008 (D.E. #22). Although Jones generally denied the allegations in Plaintiff's Amended Complaint, Jones did not plead the comparative fault of Allstate as an affirmative defense to Plaintiff's allegations of negligence against Jones.

On January 13, 2010, the District Court entered a default judgment against Allstate due to Allstate's conduct during the discovery phases of the case. (D.E. #128). Thereafter, Plaintiffs entered into a confidential settlement agreement with Allstate.[1] Plaintiffs continued their case against Jones, and a jury found that Jones was negligent and awarded $125,000.00 in compensatory damages but did not award punitive damages (D.E. #258).

**II. Analysis**

Under Tennessee law in negligence cases, "a non-settling defendant is *not* entitled to a credit for amounts paid by a settling defendant because the non-settling defendant is required to pay damages based upon his or her percentage of fault." Williams Holding Co. v. Willis, 166 S.W.3d 707, 712 (Tenn. 2005). The "possibility that plaintiffs may, by settling with some defendants, receive more than their actual damages does not change" this rule. Id.

In the instant case, Plaintiffs cause of action against Jones was based upon negligence. Plaintiffs did not plead that Allstate was negligent, but instead asserted claims of breach of contract, bad faith, intentional misrepresentation, and violations of the TCPA. Further, Jones did not plead

---

[1] At the Magistrate Judge's hearing on the instant motion, she ordered Allstate to submit a copy of the settlement agreement to the Court for in camera review, and Allstate timely complied.

the comparative fault of Allstate. This resulted with Jones going into trial with essentially an all-or-nothing strategy.  The jury determined that Jones was liable for negligence, and without any other parties among whom to allocate the fault, Jones's liability is for the entirety of the verdict.  Under Tennessee law, no set-off or credit is appropriate for Jones, the non-settling defendant, who is required to pay damages based upon his percentage of fault notwithstanding any amounts paid by the settling defendant.

### III. Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Jones's Renewed Motion for Court to Order Set Off be DENIED.

**DATED** this 21st day of April, 2011.

>  s/ Charmiane G. Claxton
>  CHARMIANE G. CLAXTON
>  UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**