IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| **DONYEAL HENRY** and **NICKI HENRY**   Plaintiffs, v. **LOYD JONES,**   Defendant. | ) ) ) ) ) ) ) No. 08-02346 ) ) ) ) ) |

**ORDER GRANTING MOTION FOR ATTORNEY FEES AND
REJECTING THE REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Attorneys' Fees and All Costs Pursuant to the Tennessee Supreme Court's Holding in Pullman Standard Inc. v. Abex Corporation. 693 S.W.2d 336 (Tenn. 1985) (D.E. # 260).  Plaintiff requests that the District Court order Defendant Loyd Jones ("Jones") to pay Plaintiffs' attorneys fees and costs associated with the litigation against former co-defendant Allstate Property and Casualty Company ("Allstate"), claiming that it was Jones's negligence that necessitated Plaintiff's litigation against Allstate and that such costs are recoverable under Tennessee law's recognition of the independent tort theory of recovery.  Jones filed his Response (D.E. #263), which asserted that the rule announced in Pullman is narrow and does not permit recovery under the facts of this case.  The instant motion was referred to United States Magistrate Judge (D.E. #261), who recommended that the motion be denied.  (D.E. # 275)

The underlying facts of the case have been well set forth and will be adopted by reference as set forth in the Report and Recommendation.  In her Report and Recommendation, the magistrate judge found the rule in Pullman to be too narrow to afford Plaintiff relief.  In Pullman,

the Tennessee Supreme Court recognized the independent tort theory as a basis of recovery for allowing fees and costs. Id. at 339-340. The Court opined that where the natural and proximate consequence of a tortious act of Defendant has been to involve Plaintiff in litigation with a third person, reasonable compensation for attorneys' fees incurred by Plaintiff in such action may be recovered as damages against the author of the tortious act. Id.

The magistrate judge relied on the persuasive authority of Atlanta Woman's Club, Inc. v. Washburne, finding it to be factually analogous to the instant case. 450 S.E.2d 239 (Ga. Ct. App. 1995). The Washburne court stated:

> It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent[,] . . . act (or omission) of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury. (Cits.) While the question of proximate cause is usually submitted to the jury as a question of fact, it may be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's (alleged omissions) were not the proximate cause of the injury. (Cits.)" (Cit.)' Powell v. Harsco Corp., 209 Ga. App. 348, 350-351 (2) (433 SE2d 608) (1993)." McQuaig v. McLaughlin, 211 Ga. App. 723, 724 (1), 726 (b) (440 SE2d 499). " ' " ' "A prior and remote cause can not be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause." (Cit.)' " (Cit.)' Wanless v. Winner's Corp., 177 Ga. App. 738, 785 (3) (341 SE2d 250) (1986)." Beamon v. Ga. Power Co., 199 Ga. App. 309, 312 (404 SE2d 463).

Id. at 242

Ultimately the Washburne court held that the agent's wrongful acts gave rise to the insurance company's involvement, but was not the proximate cause of the claim denial. In the instant case, a jury found that Jones' negligence was the direct and proximate cause of Plaintiffs' having to litigate against Allstate. There were no intervening, independent acts on which Jones

may assign responsibility.  It appears that the Pullman rule articulated by the Tennessee Supreme Court is applicable as a basis for the relief sought by Plaintiffs.

For the foregoing reasons and for the reasons set forth in Plaintiff's Objection (D.E. # 278), the Court rejects the Report and Recommendation and **GRANTS** Plaintiffs' attorney fees and costs in the amount of $11,102.11.

**IT IS SO ORDERED** this 1st day of August 2011.

s/Bernice Bouie Donald
**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**
