IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DONYAEL HENRY and
NICKI HENRY,

        Plaintiffs,

v.                                              No. 2:08-cv-02346-BBC-cgc

ALLSTATE PROPERTY AND
CASUALTY COMPANY and
LLOYD JONES,

        Defendants.

---

REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION PLAINTIFFS' MOTION TO ALTER OR AMEND THE
JUDGMENT TO INCLUDE THE TOTAL AMOUNT OF ATTORNEYS' FEES
AWARDED AND ON PLAINTIFFS' RENEWED AND/OR REVISE MOTION FOR AN
ORDER GRANTING THE SPECIFIC AMOUNT OF ATTORNEYS' FEES

---

Before the Court are Plaintiffs' Motion to Alter or Amend the Judgment to Include the Total Amount of Attorneys' Fees Awarded (Docket Entry "D.E." #287) ("Motion to Amend") and Plaintiffs' Renewed and/or Revised Motion for an Order Granting the Specific Amount of Attorneys' Fees ("Renewed Motion"). (D.E. #290). The instant motions were referred to United States Magistrate Judge Charmiane G. Claxton. (D.E. #295). For the reasons set forth herein, the Court RECOMMENDS that Plaintiffs' Motion to Amend be DENIED and that Plaintiffs' Renewed Motion be GRANTED.

**I. Introduction**

Plaintiffs Donyeal and Nicki Henry filed the instant action in the Circuit Court of Shelby County, Tennessee on May 2, 2008, and Allstate filed a Notice of Removal of Civil Action to this

Court on May 29, 2008. (D.E. #1). On November 15, 2008, Plaintiffs filed an Amended Complaint (D.E. #21) asserting claims of breach of contract and bad faith against Allstate, claims of negligence against Jones, and claims of intentional misrepresentation and violations of the Tennessee Consumer Protection Act ("TCPA") against both Jones and Allstate.

On January 13, 2010, the District Court entered a default judgment against Allstate due to Allstate's conduct during the discovery phase of the case. (D.E. #128). Thereafter, Plaintiffs entered into a confidential settlement agreement with Allstate and continued their case against Jones. Following trial, the jury found that Jones was negligent and awarded $125,000.00 in compensatory damages. (D.E. #258). The Jury Verdict was entered on December 16, 2010 (D.E. #258), and the District Court's Order on Jury Verdict, which "assessed compensatory damages in the amount of $125,000.00," was entered on December 20, 2010 (D.E. #259).

On December 21, 2010, Plaintiffs filed a Motion for Attorneys Fees Pursuant to the Tennessee Supreme Court's Principles Recognized in *Pullman Standard v. Abex Corporation* ("Motion for Attorneys' Fees"). (D.E. #260). The sole issue in the Motion for Attorneys' Fees was whether Defendant Jones was required to reimburse Plaintiffs for attorneys' fees and costs incurred in pursuing their claims against Defendant Allstate. Plaintiffs' Motion for Attorneys' Fees was referred to the Magistrate Judge. (D.E. #261). The motion specifically stated that Plaintiffs "spent $11,102.11 in expenses prosecuting the claim prior to settling the case with Allstate" and did not list any other fees, costs, or expenses. (Pl.'s Memo. In Support of Motion, D.E. #260-1, at K). On March 29, 2011, the Magistrate Judge held a telephonic hearing on Plaintiffs' motion. On April 21, 2011, the Magistrate Judge issued her Report and Recommendation on Plaintiffs' motion, which recommended that the District Court deny Plaintiffs' motion. (D.E. #275). Plaintiffs objected to

the Magistrate Judge's order, and the District Court granted Plaintiffs' request for "attorneys fees and costs in the amount of $11,102.11." (D.E. #285).

On August 3, 2011, Plaintiffs filed their Motion to Amend pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. In this motion, Plaintiffs request that the Court amend its Judgment to provide for the specific dollar amount of the compensatory damages attorneys' fees and costs to allow execution if necessary. (Pl.'s Mot. to Amend at 1). The Motion to Amend does not raise any issues regarding the amount of fees and costs awarded by the District Court but merely seeks that judgment be amended to include the compensatory damages and all attorneys' fees and costs. (Pl.'s Mot. to Amend at 1; Pl.'s Memo. in Support of Mot. to Amend at 3).

On August 15, 2011, Plaintiffs filed their Renewed Motion, which contests the amount of fees and costs awarded by the District Court in its August 1, 2011 Order. (D.E. #290). Plaintiffs argue that while their Motion for Attorneys' Fees only explicitly listed the "expenses" incurred in the litigation against Allstate as $11,102.11 (D.E. #260), the motion additionally requested to file an affidavit regarding the amount of fees. Specifically, the Motion for Attorneys' Fees stated as follows: "Plaintiffs seek the entry of an order consistent with the law of the State of Tennessee which recognizes that Plaintiffs are entitled to attorneys' fees *and that instructs the Plaintiffs to file an affidavit setting forth the total amount of the fees and expenses sought to be awarded.*" (Pl.'s Mot. for Attorneys Fees at 8) (emphasis added). Plaintiffs Renewed Motion includes an affidavit of Plaintiffs' counsel's that affirms that the entire amount of attorneys' fees was $183,333.33 and that the costs, as already awarded, were $11,102.11. (Pls.' Renewed Mot., Exh. 1, ¶ 5). [1]

---

[1] In addition to the Motion to Amend and Renewed Motion, Plaintiffs filed a Notice of Appeal on August 31, 2011, stating as follows: "Although the district court correctly granted Plaintiffs' Motion for attorneys' fees and cost[s], the order entered by the district court only

3

On August 12, 2011, Defendant Jones filed his Response to Plaintiffs' Motion to Amend (D.E. #288). Plaintiffs argued that Defendant Jones only requested $11,102.11 in expenses and did not state any additional request for attorneys' fees. As such, Plaintiffs asserted that the Motion to Amend should be denied for two reasons: (1) Plaintiffs did not properly filed a request for attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure because they did not properly state "the amount sought or a fair estimate of it" as required by Rule 54(d)(2)(B)(iii); and, (2) no clerical error exists for any alteration or amendment to the attorneys' fee award pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Def.'s Resp. at 1).

On August 19, 2011, Defendant Jones filed his Response to Plaintiffs' Renewed Motion. (D.E #292). Defendant Jones again argues that Rule 54 of the Federal Rules of Civil Procedure requires that a Motion for Attorneys' Fees state the amount sought or provide a fair estimate. Defendant Jones asserts that Plaintiffs requested an amount of $11,102.11, although Plaintiffs now seek a much greater award. For that reason, Defendant Jones argues that the new request is improper. Further, Defendant Jones argues that Plaintiffs have not properly submitted an affidavit of a disinterested attorney to support its conclusion that the attorneys' fees are reasonable. See Blum v. Stetson, 465 U.S. 886 (1994).

**II. Analysis**

*A. Plaintiffs' Renewed Motion*

First, the Court will consider Plaintiffs' Renewed Motion, which seeks that the Court

---

listed the amount of the Plaintiffs' costs without listing the amount of attorneys' fees paid by the Plaintiffs in the underlying action against Allstate." (Pl.'s Notice of Appeal at 1). Plaintiffs state that they subsequently filed the instant Motion to Alter or Amend the Judgment (D.E. #287) and an Amended Motion for Attorneys Fees (D.E. #290).

reconsider the amount of attorneys' fees awarded in the August 1, 2011 Order. Rule 54 of the Federal Rules of Civil Procedure provides for the procedure for making a request for attorneys fees, in pertinent part, as follows:

> (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) *Timing and Contents of the Motion.* Unless a statute or court order provides otherwise, the motion must:
>
>> (i) be filed no later than 14 days after the entry of judgment;
>>
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>>
>> (iii) state the amount sought or provide a fair estimate of it; and
>>
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2).

> Rule 60 provides the grounds for relief from a court order, in pertinent part, as follows:
>
> (b) *Grounds for Relief from a Final Judgment, Order, or Proceeding.* On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; [or]
> . . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the instant case, the Court will first address the timeliness of the Motion for Attorneys' Fees, as Defendant contends it was not timely filed. The Jury Verdict form was filed on December 16, 2010, the Order on Jury Verdict was filed on December 20, 2010, and the Judgment was filed on August 1, 2011. Plaintiffs' Motion for Attorneys' Fees was filed in advance of the Judgment on

5

December 21, 2010—only five days after the Jury Verdict Form and one day after the Court's Order on Jury Verdict. It was filed months in advance of the August 1, 2011 entry of Judgment in the instant case, which Rule 54 explicitly states is the event from which the movant is provided fourteen days to file the motion. Accordingly, Plaintiffs' Motion for Attorneys' Fees was timely filed.

Thus, the critical question presented in the instant motion is whether Plaintiffs may obtain relief from the District Court's August 1, 2011 Order Granting Motion for Attorneys' Fees. This question must not be addressed under Rule 54[2], which governs the original filing of a request for attorneys' fees, but under Rule 60, which governs relief from a court order. To address this issue, it is important first to consider the substance of Plaintiffs' Motion for Attorneys' Fees. Plaintiffs' motion states explicitly that Plaintiffs "spent $11,102.11 in expenses prosecuting the claim prior to settling the case with Allstate." (Pl.'s Memo. in Support of Mot. at 3, ¶ K). It then requested that "the entry of an order consistent with the law of the State of Tennessee which recognizes that Plaintiffs are entitled to attorneys' fees *and that instructs the Plaintiffs' to file an affidavit setting forth the total amount of the fees and expenses sought to be awarded.*" (Pl.'s Memo. in Support of Mot. at 7-8) (emphasis added).

It is also essential to examine the bases for relief from the August 1, 2011 Order that Plaintiffs provided in the Renewed Motion. Plaintiffs argue that the amount of $11,102.11 that they expressly listed in their Motion was actually only Plaintiffs' costs and did not include attorneys' fees paid by Plaintiffs in the underlying litigation with Allstate. Plaintiffs claim that they sought to provide a further affidavit as briefly mentioned at the conclusion of their motion that detailed these

---

[2] Even if the Renewed Motion were to be considered under Rule 54, it would have been timely filed as it was filed on August 15, 2011, which is within fourteen days after the entry of the Judgment as required by Rule 54(d)(2)(B)(iii).

fees. Plaintiffs do not, however, provide any explanation as to why the significant amount of $183,333.33 was not explicitly requested in the Motion for Attorneys' Fees.

Upon review, Plaintiffs' Motion lacked clarity as required by Rule 54(d)(2)(B)(iii) as to the amount of attorneys' fees and costs at issue when it listed only "expenses" in the amount of $11,102.11 and made no other reference to the $183,333.33 that was later to be requested as attorneys' fees. Plaintiffs' Motion further lacked substantiation regarding the reasonableness of the fees, although Plaintiffs did summarily propose submitting such information at a later date. Despite these shortcomings, the Court finds that Plaintiffs did propose to submit an affidavit to the Court before the amount of attorneys' fees and costs was to be determined. On that basis, the Court RECOMMENDS that sufficient grounds exist to grant relief from the August 1, 2011 Order and to consider the Renewed Motion as a motion to amend that order pursuant to Rule 60.

However, at the present, Plaintiffs have only provided a brief affidavit of Plaintiffs' counsel himself to support the amount and reasonableness of Plaintiffs' proposed fee award. This Affidavit cursorily states that Plaintiffs incurred $183,333.33 in attorneys' fees and $11,102.11 in costs. The Affidavit does not attest to the reasonableness of the proposed fees and costs. No affidavit of a disinterested party as to the reasonable has been provided as required by Blum v. Stensen, 465 U.S. 886, 896 n.11 (1984) (stating that "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). Furthermore, no documentation or billing records have been provided to substantiate the fees and costs. Therefore, the Court RECOMMENDS that, should the District Court elect to consider the Renewed Motion, that Plaintiffs be required to submit proper affidavits

to determine and substantiate the amount of reasonable attorneys' fees.

*B. Plaintiffs' Motion to Alter or Amend the Judgment to Include Total Amount of Attorneys' Fees Awarded*

Next, the Court will consider Plaintiff's Motion to Amend, which seeks that the Judgment be amended pursuant to Rule 60(a) of the Federal Rules of Civil Procedure to include the compensatory damages and attorneys' fees and costs. Rule 60(a) provides for relief from a Judgment or Order on the basis of clerical mistakes, oversights, and omissions, as follows:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

In the instant case, the Magistrate Judge recommends a finding that there is no clerical mistake, oversight, or omission in the Judgment that requires alteration or amendment. Further, Rule 60 does not require that a Judgment contain the amount of compensatory damages or attorneys' fees and costs. The amount of compensatory damages has already been ordered by the District Court in its December 20, 2010 Order on Jury Verdict. The amount of attorneys' fees have been ordered by the District Court in its August 1, 2011 Order. Should the amount of attorneys' fees be amended at a later date as Plaintiffs request and as is at issue in the instant Report and Recommendation, the District Court would enter an Order to that effect providing such an award. These District Court orders are fully enforceable, and no alteration of the Judgment is necessary to enforce these Orders. Accordingly, the Court RECOMMENDS that Plaintiffs' Motion to Alter or Amend the Judgment to Include Total Amount of Attorneys' Fees Awarded (D.E. #297) be

DENIED.

**DATED** this 17th day of October, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**